RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/17/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS C. GRADY,<br>   Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-01157 |
| VERSUS | |
| WARDEN, USP-POLLOCK,<br>   Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition filed pursuant to 28 U.S.C. § 2241 by petitioner Thomas C. Grady ("Grady") on July 7, 2010 and amended on October 22, 2010 (Doc. 7). Although Grady has failed to specify the date or nature of his conviction obtained in the District of Columbia, the Respondent shows that, while on parole with the United States Parole Commission ("USPC") for other offenses, Grady committed the offenses of unlawful entry, two counts of theft, and two counts of failure to appear (Doc. 12). Grady was convicted in 2010 in the District of Columbia for burglary, attempted burglary and a bail reform act violation, and sentenced to a total of 21 months imprisonment (Doc. 12, Exs.). Grady is still serving that sentence and is presently incarcerated in the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). The USPC placed a detainer on Grady pursuant to a warrant charging parole violations.

Grady raises the following grounds for relief in his habeas

petition:

> 1. The USPC violated Grady's right to due process by lodging a detainer without affording Grady a prompt hearing.
>
> 2. The absence of a prompt hearing violates due process and puts Grady at a disadvantage regarding witnesses for the hearing, and re-entry programming while incarcerated.

The Respondent filed a brief in response to Grady's claims (Doc. 11). Grady's petition is now before this court for disposition.

## Law and Analysis

First, Grady contends the USPC violated his right to due process by allowing a detainer[1] to remain lodged against him without affording him a prompt hearing. Grady complains that the imposition of the detainer by the USPC without a prompt hearing deprives him of his right to call witnesses and present evidence at his hearing, since the witnesses and evidence may not be available by the time the detainer is executed when he completes his 57 month sentence. Respondent contends Grady is not entitled to a revocation hearing until the warrant has been executed.

It is well-settled that there is no bar to the simultaneous lodging of a federal detainer and a refusal to accept custody of a prisoner until his present confinement has been completed. See

---

[1] A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent. Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 3403 (1985).

Saulsberry v. U.S., 591 F.2d 1028 (5th Cir. 1979), cert. den., 444 U.S. 857, 100 S.Ct. 118 (1979). A parole/supervised release violator's warrant may be held in abeyance while he serves his sentence under an intervening conviction (the occurrence of which prompted the issuance of the violator's warrant), and may be executed following completion of ths intervening sentence. Cook v. U.S. Atty. Gen., 488 F.2d 667, 670-671 (5th Cir. 1973), cert. den., 419 U.S. 846, 95 S.Ct. 81 (1974), and cases cited therein. A parole/supervised release violator's warrant is executed when the parolee is retaken and returned to federal custody pursuant to it. But the return to federal custody must be by virtue of the parole violators warrant, and not under a new intervening sentence for recent crimes. Cook, 488 F.2d at 671, and cases cited therein. It is the execution of the warrant that is the operative factor in triggering the availability of the revocation hearing. Cook, 488 F.2d at 671, and cases cited therein.

Moreover, the Constitution does not mandate that a parole/supervised release violation warrant be executed prior to completion of a subsequent sentence. Parole authorities are free to defer a final decision on parole/supervised release revocation until expiration of the subsequent sentence. Russo v. Johnson, 129 F.Supp.2d 1012, 1019-1020 (S.D.Tex. 2001), citing Moody v. Daggett, 429 U.S. 78, 87, 97 S.Ct. 274 (1976). Therefore, due process does not require that Grady be afforded a revocation hearing while he

serves an intervening sentence.

Finally, Grady asks that the detainer be lifted because he is not permitted to participate in certain prison programs or be released to a half-way house due to the detainer. However, the Fifth Circuit has held that prisoners are not "in custody" for purposes of 28 U.S.C. § 2241 simply because a detainer has been lodged against them. Although imposition of the detainer negatively impacts Grady's prison classification and eligibility for rehabilitative programs in the federal system, Congress has given federal prison officials full discretion to control these conditions of confinements, and Grady has no legitimate statutory or constitutional entitlement sufficient to invoke due process. Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274 (1976), citing Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532 (1976). Since Grady has not carried his burden of proving he is entitled to a revocation hearing or removal of the USPC detainer before he completes the 57 month federal sentence imposed in 2010, Grady's Section 2241 habeas petition should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Grady's Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 17th day of August, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE